# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL MCCARRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:15-cv-00143 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| **TERRY BURKS AND C.C.A.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# **M E M O R A N D U M**

Plaintiff Michael McCarrell (#0485849), an inmate currently housed at the Metro-Davidson County Detention Facility in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against defendants Terry Burks, a correctional officer, and Corrections Corporation of America. (Docket No. 1)

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

"governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, on July 16, 2014, correctional officer Terry Burks obtained the plaintiff's personal bank information and, without the plaintiff's consent, called the plaintiff's bank

and had a debit card in the plaintiff's name sent to Burks. Burks then used the debit card to access the plaintiff's bank account and to withdraw the plaintiff's money through an automated teller machine in Nashville, Tennessee. The plaintiff alleges that Burks unlawfully obtained $11,098.00 of the plaintiff's money. (Docket No.1 at p. 5).

**IV.    Analysis**

Here, the plaintiff's allegations involve the theft of personal information and the loss of money. These allegations present claims of an unlawful deprivation of property under § 1983. The Due Process Clause of the Fourteenth Amendment protects against unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds, Daniel v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Because the plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, the plaintiff has not and cannot sustain his burden. State post-deprivation remedies are available to him. *Id.* at 197. The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. *Id.* at 199. The plaintiff has not alleged that he attempted post-deprivation remedies and that they were inadequate. In fact, the plaintiff states that

3

he filed a grievance with the "main office of C.C.A." and that defendant Corrections Corporation of America has acknowledged the plaintiff's grievance and is "looking into it." (Docket No. 1 at p. 3). Thus, because there are adequate state post-deprivation remedies available to the plaintiff, his due process claims against defendant Burks and Corrections Corporation of American concerning his stolen money will be dismissed.

Further, to the extent that the complaint petitions the court to initiate federal criminal prosecutions of a defendant, the complaint fails to state claims upon which relief can be granted. "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this court is without jurisdiction to initiate any investigations of the alleged crimes.

## V. CONCLUSION

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate order will be entered.

                                                     *Todd Campbell*
                                                    Todd J. Campbell
                                                    United States District Judge